29 C.C.P.A. (Patents)

## PENETRENE CORPORATION v. PLOUGH, Inc.

### Patent Appeals Nos. 4492 and 4493.

Court of Customs and Patent Appeals.

May 4, 1942.

H. F. McNenny, of Cleveland, Ohio (Richey & Watts, of Cleveland, Ohio, and James A. Hoffman and Strauch & Hoffman, all of Washington, D.C., of counsel), for appellant.

A. Yates Dowell, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

These cases, the latter of which is in the nature of a cross-suit, involve proceedings in the United States Patent Office seeking cancellation of certain trade-marks. They were consolidated for the purpose of argument and briefing at the final hearing of the appeals to the Commissioner of Patents from companion decisions of the Examiner of Interferences favorable to Plough, Inc. The commissioner affirmed the decisions of the Examiner of Interferences, and The Penetrene Corporation (The Lawrence-Williams Company, assignee, substituted) appealed to this court. The appeal was duly heard by us and decisions affirming the decisions of the commissioner rendered in a consolidated opinion made of record July 2, 1941, which thereafter was published in various publications. See Penetrene Corp. v. Plough, Inc., 121 F.2d 539, 28 C.C.P.A., Patents, 1307, 50 U.S.P.Q. 133, 31 T.M.Rep. 323, 532 O.G. 512.

Within due time after the rendition of our decision appellant filed a petition for rehearing which was granted. Briefs were duly filed on behalf of the respective parties and oral arguments were again presented before us on January 5, 1942.

The facts are stated in some detail in our former opinion embracing the respective decisions, but it is deemed proper briefly to recapitulate them here.

On May 18, 1897, one Gustav H. Frommann secured registration, No. 30,040, of a mark comprising the word "Penatrine" combined with certain characters and letters used on "medicinal remedies for man and beast—viz., hoof-dressings, salves, ointments, liniments, and tonics." This registration was issued under the Trade-Mark Registration Act of 1881, 21 Stat. 502.

The Penetrene Corporation—appellant here—was incorporated under the laws of the State of Ohio early in 1925 and on September 11, 1937, was merged with The Lawrence-Williams Company, another corporation of the State of Ohio, which was incorporated in 1891. On February 27, 1925, The Penetrene Corporation filed an application for the registration of a composite mark comprising the word "Penetrene," appearing in white letters on a solid black oval pierced by an arrow, for "Liniments," use being claimed "since February 17, 1925." The application seems to have been tentatively rejected in the Patent Office on the registration to Frommann, No. 30,040, above described, and thereafter Mr. Paul Lawrence, who was president of both the Ohio companies, entered into negotiations with Frommann which culminated in an assignment to The Penetrene Corporation of the Frommann registration in the early part of April 1925. The tentative rejection of The Penetrene Corporation's application was thereafter withdrawn and the mark was registered as No. 205,555, November 10, 1925, the certificate reciting the ownership by The Penetrene Corporation of the Frommann registration. When The Penetrene Corporation was merged with The Lawrence-Williams Company in September, 1937, registration No. 205,555 was transferred to the latter company.

It developed during the course of the proceedings that no part of Frommann's business with which his mark was associated was conveyed to appellant here, and it is not shown that appellant ever used the mark on any goods manufactured by it. It is stated in the decision of the Examiner of Interferences that the registration expired in 1927. We assume the date of expiration was May 18, 1927—thirty years after the date of its registration. It will be noted that this was about 18 months after the granting of registration No. 205,555, above described.

■ It was held, in effect, by the tribunals of the Patent Office that the assignment of registration No. 30,040 to appellant amounted to nothing more than a naked transfer of the mark disassociated from any business or accompanying good will of the assignor and, that while the assignment might have sufficed to overcome a statutory bar to the registration of appellant's "Penetrene" mark, it could not be made the basis of a cancellation proceeding, such as was instituted by appellant. This view was

approved by us in our former decision and we adhere to that ruling.

On October 20, 1914, upon an application filed July 1, 1914, there was issued to one Harry W. McChesney, of St. Louis, Missouri, a registration, No. 100,580, consisting of the single word "Penetroil" for use on "a medicinal liniment." On April 29, 1932, the business with which the mark was associated and the mark were conveyed to a party by the name of Craig, who on May 23, 1932, conveyed them to Plough, Inc. The copy of the certificate of registration (No. 100,580) in the record before us bears, at its top, the imprint "Renewed to Plough, Inc., a corporation of Delaware," and it appears elsewhere in the record that such renewal was consummated November 14, 1934.

On February 7, 1922, upon an application filed April 18, 1921, there was issued to "Penetro Chemical Company, of Atlantic City, New Jersey, and Philadelphia, Pennsylvania," a registration, No. 151,573, for the single word "Penetro" for use on "a mouth wash." On or about November 9, 1933, the business with which the mark was associated and the mark were conveyed to Plough, Inc.

The business in which appellee is engaged seems to have had its beginning in 1908 through activities conducted in a limited way by Mr. Abe Plough, who has continued with it as the business has been expanded, and who is now president of the company. It is a Delaware corporation and it appears to have numerous subsidiaries through which it carries on various business activities.

On February 13, 1932, it filed an application for registration of the single word "Penetro" for use as a trade-mark on "a Medicinal Preparation—Namely, Mutton Suet Salve for External Use in the Treatment of Colds, Croup, Rheumatic Pains, Lumbago, Neuralgia, Sprains and Muscular Soreness, Bruises, Boils, Insect Bites, Frost-Bite, Chapped Hands, Sunburn, and Minor Burns and Scalds." It was recited that the company was "trading as The St. Joseph's Laboratories," and use of the mark was alleged "continuously * * * since about January 29, 1932." The registration, No. 296,485, was granted August 9, 1932. It will be noted that this was more than a year prior to its acquisition of the "Penetro" mark for "a mouth wash," No. 151,573, above described, and almost seven years

after the registration of the "Penetrene" mark to The Penetrene Corporation.

No opposition appears to have been made to the application of Plough, Inc., but, on September 6, 1936 (a little more than four years after its registration) The Penetrene Corporation filed a petition for its cancellation in which it pleaded its ownership of registration No. 205,555 (of November 10, 1925) and also recited the purchase by it of the Frommann registration No. 30,040— the registration which had expired in 1927, as above recited.

Plough, Inc., filed answer to the petition on October 21, 1936, in which answer, among other matters, it averred ownership of registration No. 100,580 ·("Penetroil") and registration No. 151,573 ("Penetro") together with the respective businesses with which those marks had been associated, and further averred, "both of said marks have been in continuous use since prior to registration thereof and long prior to Petitioner's [The Penetrene Corporation's] alleged adoption and use of the mark 'Penetrene'." In its answer Plough, Inc., sought no affirmative relief and we assume that ownership of the respective registrations 100,580 and 151,573 was pleaded by way of defense.

The above controversy became "Cancellation No. 3086," as styled by the Patent Office, and is involved in suit No. 4492 before us.

Following the filing of the answer of Plough, Inc., certain proceedings of an interlocutory nature took place in the Patent Office which need not be recited here.

In the latter part of April 1937, after notice given to counsel for The Penetrene Corporation, Plough, Inc., took the depositions of nine persons called as witnesses on its behalf. The Penetrene Corporation, although having notice, was not represented at the taking of those depositions, and there was no cross-examination of the witnesses.

It is deduced from the record that August 17, 1937, was set as the date for final hearing of the case before the Examiner of Interferences, and thereafter other interlocutory proceedings took place which need not be detailed.

The next action which is of importance here was that of December 11, 1937, when Plough, Inc., filed a petition in the Patent Office for the cancellation of the composite "Penetrene" mark, No. 205,555, which had been assigned to The Lawrence-Williams Company, on September 11, 1937. In its petition Plough, Inc., pleaded only the registrations "Penetroil," No. 100,580, and "Penetro," No. 151,573, which had been assigned to it, as above related. No reference was made in the petition to the "Penetro" registration No. 296,485 of August 9, 1932, involved in cancellation No. 3086.

The Lawrence-Williams Company filed answer to the petition of Plough, Inc., February 28, 1938, and by way of counterclaim petitioned for the cancellation of the "Penetroil" mark, No. 100,580, and the "Penetro" (mouth wash) mark, No. 151,573, and also again prayed for the cancellation of the "Penetro" (mutton suet salve) mark, No. 296,485, involved in cancellation No. 3086. In the petition The Lawrence-Williams Company, in effect, pleaded the "Penatrine" mark, No. 30,040, and the "Penetrene" mark, No. 205,555.

The cross-proceeding thus instituted became cancellation No. 3300, which is before us in appeal No. 4493.

On September 16, 1938, The Lawrence-Williams Company was substituted for The Penetrene Corporation in cancellation No. 3086.

In December 1938 depositions were again taken on behalf of Plough, Inc., when five of the witnesses who testified on its behalf in April 1937 were recalled and again examined. The Lawrence-Williams Company was represented by counsel at the taking of the testimony in December and the witnesses were cross-examined. Counsel at that time also interposed objections to certain of the testimony which had been taken in April 1937.

In January 1939 depositions of witnesses called on behalf of The Lawrence-Williams Company were taken.

Concurrent decisions were rendered by the Examiner of Interferences September 5, 1939, denying the petition of appellant in cancellation No. 3086 and its cross-petition in cancellation No. 3300, and granting the petition of appellee in the latter case. Upon appeal the commissioner in concurrent decisions, rendered June 4, 1940, sustained the holdings of the Examiner of Interferences in both cases, and the appeal to this court followed.

Following the grant of appellant's petition for rehearing, the clerk of the court, by the court's direction, addressed identical letters to counsel for the respective parties, the pertinent portion of which reads as follows: "I am directed to advise counsel in the above cases that the court after considering appellant's petition for·

rehearing in the light of the respective arguments relative thereto finds itself in doubt as to whether either party is in position, under the facts appearing, successfully to maintain an action for cancellation of the mark of the other. In other words, a question has arisen in the mind of the court as to whether both parties are not trespassers. The court adheres to the view that the Penetrene Corporation derived no right by reason of the transfer received by it from Frommann and so is not in position to claim any rights except such as accompanied its own registration in 1925, but the Frommann registration having been in effect at the times of the registrations of the marks which were later assigned to the Plough Company, is the latter company in position to maintain the cancellation proceedings instituted by it?"

The situation presented obviously is complex in character and difficulties have attended the determination of the issues involved. We deem it not improper to say that appellant originally presented the case before us upon a legal theory somewhat different from that adopted at the rehearing.

After a full consideration of the several briefs as well as the oral arguments presented on the rehearing, we have concluded that there was error in the decisions of the Commissioner of Patents and in our decisions affirming same.

Upon the factual record presented we have concluded that as a matter of law all the registrations involved in the controversy before us should be cancelled, because of a lack of right to the exclusive use of the marks by the parties at the times of their adoption. This is due to the existence at those times of the Frommann "Penatrine" registration, No. 30,040.

■ Taking first the "Penetroil" mark, No. 100,580, which was registered by McChesney in 1914, it seems clear to us that this mark conflicted with Frommann's "Penatrine" mark, both being for use on liniment, and that it should not have been granted, and the subsequent use of the mark by McChesney up until it was finally conveyed to appellee, and its use by appellee thereafter, could not have created an exclusive right which validated its registration.

With respect to the "Penetro" mark, No. 151,573, for use on a mouth wash, registered by the Penetro Chemical Company in 1922, the situation is the same. It may be said that the parties here have raised no question relative to the similarity of the goods to which the respective marks, "Penatrine" and "Penetro" were applied, and appellee in seeking to cancel appellant's "Penetrene" mark, in part upon the basis of the "Penetro" mark under discussion, would seem to have conceded that the goods were of the same descriptive character.

The Frommann "Penatrine" mark became abandoned in April 1925, by reason of the transaction between Lawrence and Frommann, and at that time the Penetrene Corporation apparently had adopted and was using the "Penetrene" mark, but the "Penetroil" mark and the "Penetro" mouth wash mark were apparently also in use by appellee's predecessors at that same time.

■ It is proper to say that in the brief and in oral argument on the rehearing counsel for appellant urged that the record fails to show that the predecessors of appellee were actually using those respective marks at the time the "Penatrine" mark became abandoned in April 1925. There was an intimation of this contention in the brief on behalf of appellant at our first hearing of the cases, but that question of fact was not raised in appellant's reasons of appeal. We, therefore, gave it no consideration then, nor are we at liberty to consider it now.

■ Upon the facts as found, therefore, we are here confronted with a situation where marks which should not have been registered (because of the lack of right to their exclusive use by those who secured their registration) were being concurrently used at the time when the mark which prevented their legitimate registration was abandoned.

This situation is analogous to that which existed in the case of Seubert v. Santaella & Co., 36 App.D.C. 447, wherein the Court of Appeals of the District of Columbia (our predecessor in this jurisdiction), among other things said: "If two or more persons are using the mark at the time of abandonment, with or without knowledge of its prior use, neither would be prior to the other in point of time, since no one could, in any event, date priority of use beyond the time when the prior owner surrendered title by the act of abandonment."

That case was cited with approval by us in the case of Charles McFarland v. Walter C. Bender, 46 F.2d 709, 18 C.C.P.A., Patents, 947.

It is true that the above cases were interference proceedings but we see no reason why the principle so announced is not applicable in cancellation proceedings such as those at bar.

There remains to be considered the matter of appellee's registration 296,485—"Penetro," for mutton suet salve—granted August 9, 1932. Obviously, if we are right in our holding as to the marks above discussed, appellee had no right to the exclusive use of that mark at the time of its adoption, and its registration is invalid. Cancellation of this mark is sought in both cases.

We are of opinion that so long as the registrations here sought to be cancelled remain standing in the Patent Office, each party is entitled to claim injury because, presumptively, each of the registrations prima facie implies ownership and right of exclusive use.

After the abandonment neither party was a trespasser and each had the right to use, but such right was not exclusive.

Therefore, all the involved marks should be cancelled.

The petition for rehearing having been granted and our former decisions having been thereby vacated, it is proper, and it will conduce to clarity, to restate our present conclusions de novo.

Appeal No. 4492—Cancellation No. 3086.

In this case wherein the appellant seeks cancellation of appellee's registration No. 296,485—"Penetro" for mutton suet salve— the decision of the commissioner (affirming the decision of the Examiner of Interferences), which in our former decision we affirmed, is reversed and the registration will be cancelled.

Reversed.

Appeal No. 4493—Cancellation No. 3300.

This case was begun by appellee seeking cancellation of appellant's registration No. 205,555, the composite "Penetrene" mark for liniment. The decision of the commissioner (affirming the decision of the Examiner of Interferences), sustaining the petition which we affirmed in our former decision is again affirmed and that mark will be cancelled.

Appellant's cross-petition sought first the cancellation of registration No. 100,580, "Penetroil" for a medicinal liniment, and registration No. 151,573, "Penetro" for a mouth wash. The decision of the commissioner (affirming the decision of the Examiner of Interferences), dismissing the cross-petition as to the cancellation of those marks, which we affirmed in our former decision, is reversed and those registrations will be cancelled.

The second part of appellant's cross-petition sought cancellation of appellee's registration No. 296,485, the same registration involved in cancellation No. 3086, supra. The decision of the commissioner (affirming that of the Examiner of Interferences), dismissing the cross-petition as to cancellation of this registration, which we affirmed in our former decision, is reversed and, as directed in cancellation No. 3086, the registration will be cancelled.

Modified.

 In our former decision it was recited, in substance, that certiorari was granted on motion of appellee, subject to the assessment of costs, for bringing before the court certain matter not included in the transcript of the record as filed; that such matter, which was printed in the record, was found upon full examination to relate to interlocutory proceedings in the Patent Office which were not involved in the appeals to us and required no action by us; and held that since the matter was unnecessary it was proper that appellee be taxed with the costs incident thereto.

We adhere to that view and the order so taxing the costs is renewed.